IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHYSHA LEWIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 4:23-cv-00934 |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties (Doc. 9), Plaintiff, Shysha Lewis, and Defendant, Wells Fargo Bank, N.A., submit their Joint Discovery and Case Management Plan, and respectfully state as follows:

> *Restate each instruction in bold and furnish the requested information.*

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   Counsel for Plaintiff, Danny Brooks, and counsel for Defendant, Vincent J. Hess, conferred by telephone on May 5, 2023, and by email on May 9-10, 2023, for the meeting required by Rule 26(f).

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   There are no related cases pending in any other state or federal court.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   a. <u>Plaintiff</u>: This is a foreclosure case. Defendant Wells Fargo noticed Plaintiff's homestead property for nonjudicial foreclosure sale for March 7, 2023. Plaintiff has brought three causes of action against Wells Fargo: (1) declaratory judgment for

1

   lack of standing or authority to foreclose against Wells Fargo; (2) declaratory judgment for violation of the notice of sale statute (Chapter 51 of the Texas Property Code); and (3) various RESPA violations.

  b. <u>Defendant</u>: Defendant denies all liability and hereby incorporates its Original Answer. Plaintiff is in default on the subject mortgage loan. Defendant initiated foreclosure and posted the subject property for a March 7, 2023 foreclosure sale. The state court issued a temporary restraining order, and the foreclosure sale did not occur. In regard to Plaintiff's contention of an alleged defect in the chain of title, the subject mortgage was assigned by MERS, as nominee of the original lender, to Defendant, and the assignment was recorded in the public record.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

Defendant removed the lawsuit to this Court on the bases of federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a), and diversity jurisdiction, 28 U.S.C. §§ 1332, 1441(b). Plaintiff does not disagree.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

The parties do not anticipate additional parties being added to this case.

6. **List any anticipated interventions. Briefly explain why.**

The parties do not anticipate any interventions in this case.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

There are not any class-action or collective-action issues.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

Defendant served its Rule 26(a) initial disclosures on or about March 14, 2023. Plaintiff agrees to complete her Rule 26(a) initial disclosures by May 31, 2023.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

To date the parties have not served or accomplished other discovery.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

   a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

   The parties have no separate agreements concerning electronic discovery and do not have any disputed issues relating to electronic discovery. The parties do not believe discovery should be conducted in phases. The parties might submit to the Court a proposed protective or confidentiality order. The parties do not believe at this time that changes should be made on limitations on discovery set forth in the Federal Rules and the local rules.

   b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   Plaintiff anticipates sending interrogatories to Defendant before the close of the discovery period. Plaintiff thinks the Rule 33(a) limits of 25 interrogatories per party should apply.

   c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   Defendant anticipates sending interrogatories to Plaintiff before the close of the discovery period. Defendant thinks the Rule 33(a) limits of 25 interrogatories per party should apply.

   d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment**.

   Plaintiff anticipates taking the oral deposition of a corporate representative of Defendant before the close of the discovery period. Plaintiff thinks the Rule 30(a)(2)(A) presumptive limit of 10 depositions per side should apply.

   e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment**.

   Defendant anticipates taking the oral depositions of Plaintiff and her spouse before the close of the discovery period. Defendant reserves the right to take oral depositions of other persons identified by Plaintiff as likely to have discoverable information, as well as other persons whose identities become known in the course of discovery. Defendant thinks the Rule 30(a)(2)(A) presumptive limit of 10 depositions per side should apply.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Plaintiff can designate experts and provide Rule 26(a)(2)(B) reports by the deadline of January 3, 2024, in the Court's Scheduling and Docket Control Order (Doc. 13). Defendant can designate responsive experts and provide Rule 26(a)(2)(B) reports by the deadline of February 22, 2024, in the Court's Scheduling and Docket Control Order (Doc. 13).

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff anticipates taking depositions of experts designated by Defendant and anticipates completing such depositions by the discovery deadline of April 9, 2024, in the Court's Scheduling and Docket Control Order (Doc. 13).

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendant anticipates taking depositions of experts designated by Plaintiff and anticipates completing such depositions by the discovery deadline of April 9, 2024, in the Court's Scheduling and Docket Control Order (Doc. 13).

11. **State the date by which the parties can reasonably complete the planned discovery.**

The parties expect that discovery can be completed by April 9, 2024, the date set by the Court in its Scheduling and Docket Control Order (Doc. 13).

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

The parties do not disagree on any part of the discovery plan.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties are discussing potential loan relief options and other potential avenues for resolution. The parties' discussions in this regard are ongoing.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

The parties agree that mediation after initial discovery has taken place or shortly after the deadline to complete discovery would be reasonably suitable to this case. The parties do

not suggest a modification to the deadline of June 24, 2024, to complete mediation that is set in the Court's Scheduling and Docket Control Order (Doc. 13).

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not consent to trial before a Magistrate Judge.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Plaintiff has timely made a jury demand.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    The parties expect trial will likely take 1-2 days.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    There are no pending motions that the Court could resolve at the initial pretrial conference.

19. **List other pending motions.**

    There are no pending motions.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

    The parties are not aware of any such matters.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

    The parties have no suggested modifications to the Court's Scheduling and Docket Control Order (Doc. 13).

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed her Certificate of Interested Parties (Doc. 14) on April 28, 2023. Defendant filed its Certificate of Interested Parties (Doc. 2) on March 14, 2023.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

    No such entities are involved in this case.

132976512v.1

24. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

    a. For Plaintiff:

    Jeffrey C. Jackson
    Texas Bar No. 24065485
    jeff@jjacksonllp.com
    Charles "Danny" Brooks
    Texas Bar No. 24126064
    danny@jjacksonllp.com
    JEFFREY JACKSON & ASSOCIATES, PLLC
    2500 E. TC Jester Blvd., Suite 285
    Houston, Texas 77008
    713-861-8833 (T)

    b. For Defendant:

    Robert T. Mowrey – Attorney-in-Charge
    Texas Bar No. 14607500
    S.D. Texas Bar No. 9529
    rmowrey@lockelord.com
    Matthew H. Davis
    Texas Bar No. 24069580
    S.D. Texas Bar No. 1124612
    mdavis@lockelord.com
    Vincent J. Hess
    Texas Bar No. 09549417
    S.D. Texas Bar No. 20194
    vhess@lockelord.com
    LOCKE LORD LLP
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    Telephone: (214) 740-8000
    Facsimile: (214) 740-8800
    Helen O. Turner
    Texas Bar No. 24094229
    S.D. Texas Bar No. 2924121
    helen.turner@lockelord.com
    LOCKE LORD LLP
    600 Travis Street, Suite 2800
    Houston, Texas 77002
    Telephone: (713) 226-1280
    Facsimile: (713) 229-2501

132976512v.1

Dated: May 10, 2023

Respectfully submitted,

| | |
|---|---|
| */s/   Charles "Danny" Brooks* | */s/ Vincent J. Hess* |
| **Jeffrey C. Jackson** | **Robert T. Mowrey** – **Attorney-in-Charge** |
| Texas Bar No. 24065485 | Texas Bar No. 14607500 |
| jeff@jjacksonllp.com | S.D. Texas Bar No. 9529 |
| **Charles "Danny" Brooks** | rmowrey@lockelord.com |
| Texas Bar No. 24126064 | **Matthew H. Davis** |
| danny@jjacksonllp.com | Texas Bar No. 24069580 |
| JEFFREY JACKSON & ASSOCIATES, PLLC | S.D. Texas Bar No. 1124612 |
| 2500 E. TC Jester Blvd., Suite 285 | mdavis@lockelord.com |
| Houston, Texas 77008 | **Vincent J. Hess** |
| 713-861-8833 (T) | Texas Bar No. 09549417 |
| 713-682-8866 (F) | S.D. Texas Bar No. 20194 |
| | vhess@lockelord.com |
| **ATTORNEYS FOR PLAINTIFF** | LOCKE LORD LLP |
| | 2200 Ross Avenue, Suite 2800 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 740-8000 |
| | Facsimile: (214) 740-8800 |
| | **Helen O. Turner** |
| | Texas Bar No. 24094229 |
| | S.D. Texas Bar No. 2924121 |
| | helen.turner@lockelord.com |
| | LOCKE LORD LLP |
| | 600 Travis Street, Suite 2800 |
| | Houston, Texas 77002 |
| | Telephone: (713) 226-1280 |
| | Facsimile: (713) 229-2501 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |

132976512v.1

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 10, 2023, a true and correct copy of the foregoing document was delivered to the following counsel of record *via ECF* consistent with the Federal Rules of Civil Procedure.

**Jeffrey C. Jackson**
Texas Bar No. 24065485
jeff@jjacksonllp.com
**Charles "Danny" Brooks**
Texas Bar No. 24126064
danny@jjacksonllp.com
JEFFREY JACKSON & ASSOCIATES, PLLC
2500 E. TC Jester Blvd., Suite 285
Houston, Texas 77008
Telephone: (713) 861-8833
Facsimile: (713) 682-8866

*Counsel for Plaintiff*

                                                */s/ Vincent J. Hess*
                                                Counsel for Defendant